EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Santos Díaz Ríos, Rosario López Torres, por sí y en representación de la SLG<br><br>        Peticionario<br><br>            vs.<br><br>Hospital Santo Asilo de Damas, su Compañía Aseguradora American International, Dr. Ricardo Barnes Español, su señora esposa Ivy Lynne Patrón y la SLG<br><br>        Recurridos | Certiorari<br><br>2008 TSPR 10<br><br>173 DPR ____ |

Número del Caso: CC-2006-533

Fecha: 25 de enero de 2008

Tribunal de Apelaciones:

        Región Judicial de Ponce-Panel X

Juez Ponente:

        Hon. German J. Brau Ramírez

Abogados de la Parte Peticionaria:

        Lcdo. Samuel Torres Cortés
        Lcda. Lena M. Ayoroa Franceschi

Abogados de la Parte Recurrida:

        Lcdo. Anselmo Irizarry Irizarry
        Lcdo. Miguel Limeres Grau
        Lcdo. Carlos G. Martínez Vivas
        Lcdo. Francisco Barnes Español

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Santos Díaz Ríos, Rosario
López Torres por sí y en
Representación de la SLG

  Peticionarios

    vs.

          CC-2006-533  CERTIORARI

Hospital Santo Asilo de Damas,
su compañía aseguradora American
International, Dr. Ricardo
Barnes Español, su esposa Ivy
Lynne Patrón y la SLG

  Recurridos


RESOLUCIÓN


San Juan, Puerto Rico, a 25 de enero de 2008

   Atendida la moción de reconsideración presentada por la parte peticionaria, se provee no ha lugar.

   Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emitió Opinión disidente en etapa de reconsideración.


        Aida Ileana Oquendo Graulau
       Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Santos Díaz Ríos, etc.

    Peticionario

        vs.                    CC-2006-533     CERTIORARI

Hospital Santo Asilo de Damas, etc.

    Recurridos

OPINIÓN DISIDENTE EMITIDA, EN ETAPA DE RECONSIDERACIÓN, POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

En San Juan, Puerto Rico, a 25 de enero de 2008

El extraordinario deterioro que sufre nuestra sociedad es aun mayor de lo que nos podemos imaginar. Entre otras cosas, la vida humana ha perdido todo su valor. Ello lo podemos palpar no sólo en los horrendos asesinatos que se cometen, a diario, en nuestra tierra sino que en la actitud de displicencia y desidia que observan un por ciento de los profesionales de la salud al desempeñar la profesión que escogieron para servirle a la humanidad y ganarse la vida.

En lo pertinente al caso que hoy ocupa nuestra atención, todavía recordamos la actitud y conducta que observaban los obstetras en

tiempos pasados. En primer término, la intervención quirúrgica, o cesárea, era la excepción a la regla general del parto natural. Hoy en día, como es sabido, nuestra Isla se distingue por ser uno de los lugares en el mundo en que, proporcionalmente, mayor número de cesáreas se llevan a cabo. Las razones --que se comentan en voz baja-- son harto conocidas: al obstetra se le paga más por una cesárea que por un parto natural y ésta le permite a este profesional de la salud trabajar en forma más cómoda ya que dichas intervenciones se programan para ser llevadas a cabo durante horas del día. Dicho de otra manera, ya prácticamente los niños no nacen de noche en Puerto Rico.

Todavía vive en nuestro recuerdo aquel obstetra, o partero, que una vez notificado de la proximidad del parto, acudía inmediatamente al hospital correspondiente --institución que éste no abandonaba hasta que nacía la criatura-- e, incluso, pasaba la noche junto a su paciente en espera del alumbramiento. ¡Qué tiempos aquellos! Hoy en día --época en que, curiosamente, existen más especialistas en obstetricia que antes por lo que el número de pacientes que atienden no es tan numeroso-- el obstetra no acude al hospital designado hasta prácticamente el último momento antes de que se produzca el parto, limitándose, en el entretanto, a comunicarse por la vía telefónica con una enfermera, quien le da su opinión e interpretación, según su limitado conocimiento y entrenamiento, de lo que le está sucediendo a su paciente y a la criatura que ésta lleva en su vientre.

Esta es la peligrosa y trágica situación que describen, y surge de, los hechos del caso hoy ante nuestra consideración, los cuales son altamente descriptivos de la actitud de displicencia, a

la que nos referimos anteriormente, de parte de un preocupante porcentaje de los obstetras que hoy en día practican su profesión en Puerto Rico; situación que este Tribunal ignoró completamente en la Sentencia que emitió.

Por otro lado, el caso es demostrativo, igualmente, de la inaceptable práctica de algunos hospitales en nuestra jurisdicción de no abrirle un expediente médico a una persona que allí acude y recibe tratamiento en dichos hospitales. Esta práctica tiene el resultado, inaceptable e indeseable, de que no se puede saber, a ciencia cierta y *a posteriori*, qué realmente le sucedió al paciente en dicho hospital.

Es correcto que hemos resuelto que un expediente médico incompleto "no necesariamente constituye negligencia *per se*". Blas Toledo v. Hospital Nuestra Señora de la Guadalupe, 146 D.P.R. 267 (1998). Hay que mantener presente, sin embargo, que es "norma imperante en nuestra jurisdicción que los expedientes médicos tienen que llevarse de forma adecuada, de suerte que a la hora de examinar las actuaciones médicas podamos conocer mejor la situación del paciente a través de todo el tratamiento. Claro, las omisiones no necesariamente constituyen negligencia *per se*. Sin embargo, dicha omisión puede ser un factor a considerarse en la credibilidad del médico en cuanto al tratamiento brindado a éste". Ramos Robles v. Dr. García Vicario, 134 D.P.R. 969 (1993). Ello no obstante, en el presente caso no se trata de meras omisiones en el expediente médico. Se trata de la carencia absoluta de un récord médico. ¿No debe este Tribunal, como mínimo, considerar la posibilidad de modificar la norma antes mencionada?

Por último, el caso que hoy ocupa nuestra atención nos presenta, igualmente, la inaceptable práctica del incumplimiento de algunos hospitales del deber que tienen de que todo paciente que acude a éstos en busca de ayuda con relación a una condición seria que le aqueja sea atendido y examinado por un facultativo médico y no por una enfermera o enfermero, ello independientemente de que se consulte por la vía telefónica con el médico de cabecera del paciente. <u>La demandante en el presente caso</u> --una madre próxima a dar a luz por tercera ocasión a una criatura que murió en su vientre dos días después y que entendía podía estar de parto-- <u>fue dada de alta del hospital codemandado, sin haber sido examinada por un facultativo médico</u>. ¿Debemos avalar, sin más, dicho proceder?

Una mayoría de los integrantes de este Tribunal <u>lamentablemente rehúsa cumplir con su deber, como máximo foro judicial del País</u> de establecer las normas básicas que deben regir la buena práctica de la medicina en nuestra jurisdicción con relación a los tres aspectos previamente señalados. Al así no actuar, desatiende los reclamos de los ciudadanos que tocan a nuestra puertas en busca de justicia.[1]

Es por ello que disentimos.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

---

[1] Debe quedar claro que el incumplimiento antes señalado no necesariamente implica que el resultado del caso deba ser distinto.